# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **GARY LEE GOODMAN SR.,** § | |
| § | |
| **Plaintiff,** § | **CIVIL ACTION NO. 6:23–CV–00064–JCB** |
| § | |
| **v.** § | |
| § | |
| **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,** § | |
| § | |
| **Defendant.** § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On February 1, 2023, Plaintiff Gary Lee Goodman, Sr., initiated this civil action pursuant to the Social Security Act, 42 U.S.C. §§ 1383(c)(3) & 405(g) for judicial review of the Social Security Administration ("SSA") Commissioner's denial of Plaintiff's application for social security benefits and supplemental security income benefits. (Doc. No. 1). Pursuant to 28 U.S.C. § 636(b), the case was referred to the undersigned for findings of fact, conclusions of law, and a recommendation for the disposition of the instant action. For the reasons stated below, the court **RECOMMENDS** that the ALJ's decision be **AFFIRMED**.

## BACKGROUND

On October 30, 2020, Plaintiff protectively filed applications for disability insurance benefits and supplemental security income under Titles II and XVI, alleging disability beginning March 2, 2020. (Doc. No. 5-4, at 2–3). Plaintiff's applications were initially denied on February 10, 2021 (Doc. No. 5-4, at 20, 38), and denied upon reconsideration on October 4, 2021. (Doc. No. 5-4, at 108, 109). Thereafter, a hearing was held before Administrative Law Judge ("ALJ") Solomon Boyle on March 28, 2022. (Doc. No. 5-3, at 49–71). The ALJ issued a decision on May

1

23, 2022, finding that Plaintiff is not disabled under the Social Security Act. *Id.* at 28–42. Plaintiff appealed, and the Appeals Council denied Plaintiff's Request for Review. *Id.* at 2–4. Therefore, the ALJ's decision became the Commissioner's final decision. *See Sims v. Apfel,* 530 U.S. 103, 106–107 (2000). Plaintiff has filed this civil action for judicial review.

## LEGAL STANDARD

Judicial review of the denial of disability benefits under 42 U.S.C. § 405(g) is limited to "determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). A finding of no substantial evidence is appropriate only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Accordingly, the court "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [the court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling*, 36 F.3d at 435 (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)). Rather, conflicts in the evidence are for the Commissioner to decide. *Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993) (citing *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). A decision on the ultimate issue of whether a claimant is disabled, as defined in the Act, rests with the Commissioner. *Newton v. Apfel*, 209 F.3d 448, 455–56 (5th Cir. 2000); SSR 96–5p, 61 Fed. Reg. 34471 (July 2, 1996).

"Substantial evidence is more than a scintilla but less than a preponderance—that is, enough that a reasonable mind would judge it sufficient to support the decision." *Pena v. Astrue*, 271 Fed. App'x 382, 383 (5th Cir. 2003) (citing *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994)).

Substantial evidence includes four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability; and (4) the plaintiff's age, education, and work history. *Fraga v. Bowen*, 810 F.2d 1296, 1302 n.4 (5th Cir. 1987). If supported by substantial evidence, the decision of the Commissioner is conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). However, the court must do more than "rubber stamp" the ALJ's decision; the court must "scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the [Commissioner]'s findings." *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985) (citations omitted). The court may remand for additional evidence if substantial evidence is lacking. 42 U.S.C. § 405(g).

A claimant for disability has the burden of proving a disability. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). The Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A). A "physical or mental impairment" is an anatomical, physiological, or psychological abnormality which is demonstrable by acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Commissioner must utilize a five–step, sequential process. *Villa*, 895 F.2d at 1022. A finding of "disabled" or "not disabled" at any step of the sequential process ends the inquiry. *Id.* Under the five–step sequential analysis, the Commissioner must determine at Step One whether the claimant is currently engaged in substantial gainful activity. At Step Two, the Commissioner must determine whether one or more of the

claimant's impairments are severe. At Step Three, the Commissioner must determine whether the claimant has an impairment or combination of impairments that meet or equal one of the listings in Appendix I. Prior to moving to Step Four, the Commissioner must determine the claimant's Residual Functional Capacity ("RFC"), or the most that the claimant can do given his impairments, both severe and non-severe. Then, at Step Four, the Commissioner must determine whether the claimant can perform his past relevant work. Finally, at Step Five, the Commissioner must determine whether the claimant can perform other work available in the local or national economy. 20 C.F.R. §§ 416.920(b)–(g) & 404.1520(b)–(g). The burden of proof is on the claimant for the first four steps; the burden shifts to the Commissioner at Step Five if the claimant shows that he cannot perform his past relevant work. *Anderson v. Sullivan*, 887 F.2d 630, 632–33 (5th Cir. 1989) (per curiam).

## ALJ AND APPEALS COUNCIL FINDINGS

The ALJ made the following findings in his May 23, 2022 decision:

1. The claimant meets the insured status requirement of the Social Security Act through December 31, 2021.

2. The claimant has not engaged in substantial gainful activity since March 2, 2020, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: depressive disorder, anxiety disorder, degenerative disc disease, diverticulosis, obesity, right bundle branch block, hypertension, mild degenerative changes of the right first metacarpophalangeal (thumb) joint, and status-post left clavicle fracture (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526 416.920(d), 416.925 and 416.926), especially taking into consideration sections 4.00, 1.15, 1.18, 12.04, and SSR 19-2p.

5. After careful consideration of the entire record, the undersigned finds that the claimant is limited to the light level of exertion except never climb ladders, ropes,

   or scaffolds; occasionally climb ramps or stairs; occasionally stoop, kneel, crouch, or crawl; occasionally reach overhead bilaterally; frequently handle and finger bilaterally; and understand, remember, and carry out detailed non-complex tasks involving detailed non-complex instructions.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on July 20, 1970, and was 49 years old, which is defined as a younger individual age 18–49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, at any time from March 2, 2020, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Doc. No. 5-3, at 33–42).

The ALJ determined that Plaintiff is not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. *Id.* at 42. The Appeals Council did not grant review of the ALJ's decision, so this became the final decision of the Commissioner. *Id.* at 2.

## ANALYSIS

Plaintiff raises two grounds for remand: (1) the ALJ's RFC is not supported by substantial evidence because the ALJ failed to properly consider the medical opinions of Drs. Hardaway and Willits; and (2) the ALJ's RFC failed to properly consider Plaintiff's subjective complaints of pain. (Doc. No. 9, at 1, 14). The Commissioner responds that the ALJ properly addressed the medical

5

opinion evidence in accordance with the revised regulatory framework, and that the ALJ based his findings and ultimate decision on substantial evidence from the record. (Doc. No. 14, at 5–6, 8–11).

### 1. The ALJ's Analysis of the Medical Opinions

In his first point of error, Plaintiff argues that the ALJ's Residual Functional Capacity assessment is not supported by substantial evidence because the ALJ failed to properly consider the opinions of Drs. Richard Hardaway and V. Leroy Willits, the consultative medical providers who conducted Plaintiff's mental and physical health exams, respectively. (Doc. No. 9, at 1).

Residual Functional Capacity ("RFC") is an assessment made by the Commissioner, based on all the relevant evidence, of a claimant's ability to do work on a sustained basis in an ordinary work setting despite his physical or mental impairments. 20 C.F.R. § 416.945(a); *Myers v. Apfel,* 238 F.3d 617, 620 (5th Cir. 2001). When evaluating a claimant's physical abilities, the Commissioner first assesses the nature and extent of physical limitations and then determines the RFC for work activity on a regular and continuing basis. 20 C.F.R. § 404.1545. The ALJ makes separate function-by-function findings of the seven exertional strength demands (sitting, standing, walking, lifting, carrying, pushing, and pulling), and other non-exertional physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching). SSR 96-8; 20 C.F.R. § 404.1545(b). Only after the function-by-function analysis may the RFC be expressed in terms of the exertional levels of work (sedentary, light, medium, heavy, and very heavy). SSR 96-8.

As the fact finder, the ALJ has the responsibility to weigh the evidence and choose whichever medical opinion is most supported by the record. *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The ALJ has

discretion in this task. *Newton*, 209 F.3d at 455–56. Indeed, unlike judicial courts, "Social Security proceedings are inquisitorial rather than adversarial." *Sims*, 530 U.S. at 110–11. Accordingly, "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Id*. at 111 (citing *Richardson*, 402 U.S. at 400–01).

The Social Security Administration recently promulgated a new rule regarding RFC determinations to govern all claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Because Plaintiff filed his claim on October 30, 2020, the new rule applies. This rule addresses how the ALJ is to consider and evaluate medical opinions and prior administrative medical filings in evaluating a claimant's RFC and eliminates the longstanding "treating-physician rule," which required the ALJ to give a treating physician's opinion "controlling weight" in the absence of certain other specific findings. *Id.* § 404.1527(c)(2).

The new rule states that the ALJ is no longer required to defer or give any specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Id.* at § 404.1520c(a). Instead, the ALJ is to consider all medical opinions and prior administrative medical findings using the same specific factors outlined in the rule: (1) supportability[1]; (2) consistency[2]; (3) relationship with the claimant, which includes considering the length of the treatment relationship, the frequency of examinations, the purpose of the treatment relationship, the extent of the treatment relationship, and the examining relationship; (4) specialization; and (5) other factors. *Id.* at §§ 404.1520c(a)-(c), 416.920c(a)-(c). The most important of these factors are "supportability" and "consistency." *Id.* at § 404.1520c(b)(2).

---

[1] "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or his medical opinion(s) . . . , the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1).
[2] "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2).

7

Notably, under the regulation, administrative law judges "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion. *Id.* § 404.1520c(b)(2). The ALJ must articulate how persuasive he finds each of the opinions in the record. *Id.* at § 404.1520c(b).

While the ALJ must articulate his consideration of all medical opinions, the new regulations no longer mandate particularized procedures that the ALJ must follow in considering opinions from treating sources. *Compare* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2), *with* 20 C.F.R. §§ 404.1520c(b) (effective Mar. 27, 2017), 416.920c(b) (effective Mar. 27, 2017). Rather, the ALJ is directed to focus on the persuasiveness of all medial opinions or administrative medical findings using the five factors referenced above. *Id* at §§ 404.1520c(a)-(c), 416.920c(a)-(c). Additionally, administrative law judges "must consider" medical findings of non-examining state agency medical or psychological consultants according to the new regulation. *Id.* § 404.1513a(b)(1).

There is little binding case law applying the new regulations regarding RFC determinations. However, consistency and supportability have always been relevant factors that the ALJ may consider in deciding whether to accept or reject the opinion of a treating physician. It has also been long recognized that ALJs may give "less weight, little weight, or even no weight" to a physician's testimony if found to be inconsistent with a physician's own record or with other medical evidence. *See Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). For example, in *Nugent v. Astrue*, the Fifth Circuit found that an ALJ properly discounted a treating physician's statement because it was conclusory and contradicted prior treatment notes, objective medical findings, and other examining physician's opinions. *Nugent v. Astrue*, 278 Fed. App'x 423, 426 (5th Cir. 2008). In *Williams v. Colvin*, the Fifth Circuit reviewed the decision of an ALJ to give

8

"little weight" to a doctor's examination wherein he opined—using a check-box form—that the plaintiff was suffering from severe depression and disabled. *Williams v. Colvin*, 575 Fed. App'x 350, 354–55 (5th Cir. 2014) (per curiam). The *Colvin* court upheld the ALJ's decision as supported by substantial evidence in part because the doctor's own notes were inconsistent with his check-box form. *Id.* The longstanding principles articulated in these opinions remain instructive.

### a.     Dr. Richard Hardaway

Plaintiff first argues that the ALJ erred in his findings regarding Dr. Hardaway's mental evaluation. In his opinion, the ALJ noted that Dr. Hardaway concluded that Plaintiff likely could not "sustain concentration and persist in work-related activity at a reasonable pace due to severe depression and anxiety," "maintain effective social interaction on a consistent and independent basis with supervisors, coworkers, and the public," or "cope with normal pressure in a competitive work setting." (Doc. No. 5-3, at 39 (citing Doc. No. 5-9, at 97)). The ALJ determined that Dr. Hardaway's opinion was "not supported or consistent with the objective findings and extent of mental health treatment received and recommended." *Id.*

Plaintiff argues that remand is required because the ALJ's analysis of supportability and consistency is insufficient. Specifically, Plaintiff contends that the ALJ's analysis is "conclusive" and "inappropriately relies on a few normal mental status findings without pointing to any genuine inconsistencies between Dr. Hardaway's opinion and the other evidence." (Doc. No. 9, at 8–9). However, the court notes that the ALJ clearly stated the bases for his decision: (1) "The claimant usually did not report mental health symptoms to his treating providers except recently and he was prescribed medications for severe depression"; (2) "The mental status exams were fairly normal before then and in November 2021"; and (3) "[Dr. Hardaway's] findings also revealed few objective deficits." *Id.*

9

Each of these assertions is supported by substantial evidence in the record. For instance, the ALJ cited medical records from October and November of 2021 that do not indicate any mental health issues. *See* (Doc. No. 5-10, at 51–100). In fact, medical records from the provider that treated Plaintiff for depression show that Plaintiff sought medical care for lower back pain and other physical conditions in January of 2022, but that neither Plaintiff nor the medical provider initially indicated any concerns about Plaintiff's mental health. *See id.* at 145–77. And as noted by the ALJ, Dr. Hardaway's conclusions about Plaintiff's inability to concentrate and socialize in a normal work environment are not supported by his own objective findings. Dr. Hardaway's exam notes state that Plaintiff's memory and judgment appeared to be average or low average, his concentration appeared adequate, he presented in an organized manner, he was able to maintain eye contact and easily established rapport, and he spoke in full, grammatically correct sentences. (Doc. No. 5-9, at 95–96). Because the ALJ's evaluation of Dr. Hardaway's opinion was based on the correct legal standards and supported by substantial evidence, the ALJ did not err in finding his opinion unpersuasive.

      **b.**     **Dr. V. Leroy Willits**

Next, Plaintiff argues that the ALJ erred in his findings regarding Dr. Willits's physical evaluation. The ALJ noted that Dr. Willits found that Plaintiff could "sit, stand, and move about," and "his ability to lift and carry is impaired due to the shoulder issue on the left," but otherwise, "he is able to handle objects effectively." (Doc. No. 5-3, at 40 (citing Doc. No. 5-10, at 46)). The ALJ found Dr. Willits's opinion "only partially persuasive and consistent with the evidence overall, including objective findings, extent of treatment received and recommended, and the State agency medical consultants' opinions." (Doc. No. 5-3, at 40).

Plaintiff contends that remand is required because the ALJ's analysis of supportability and consistency is insufficient. Specifically, Plaintiff complains that the ALJ's "cursory" reference to Dr. Willits failed to explain which parts of the report he found unpersuasive or why the ALJ rejected Dr. Willits's opinion that Plaintiff's ability to lift and carry should be restricted. (Doc. No. 9, at 9). However, the court notes that the ALJ gave a more detailed explanation of these issues in his discussion of the medical evidence in a previous part of the opinion. *See Belk v. Colvin*, 648 Fed. App'x 452, 455 (5th Cir. 2016) (finding support for ALJ's conclusions in other parts of ALJ's opinion).

The ALJ noted that in July of 2021, Dr. Willits found that Plaintiff had good range of motion in the neck, he had limited motion of the left shoulder, and his hand grip was good bilaterally. (Doc. No. 5-3, at 35 (citing Doc. No. 5-10, at 45–46)). The ALJ also noted that there is no indication of any ongoing problems with grip and "only mild degenerative changes of the distal articular surface of the right first metacarpal in February 2022." *Id.* at 39. And the medical examinations conducted by the agency medical consultants, Drs. Patty Rowley and Kavitha Reddy, indicated that Plaintiff has the RFC for a full range of medium level exertion. (Doc. No. 5-3, at 40). However, he similarly found their opinions only partially persuasive.

Last, Dr. Willits's own report specifically stated that Plaintiff's "[g]rip strength and ability to reach, handle, finger and feel are unimpaired." (Doc. No. 5-10, at 46). Nonetheless, the ALJ's RFC determination limited Plaintiff to only occasionally reaching overhead bilaterally. The ALJ's RFC reflects the consideration of Dr. Willits's opinion and the other record evidence regarding Plaintiff's ability to lift, carry, and reach. Because the ALJ's evaluation of Dr. Willits's opinion was based on the correct legal standards and supported by substantial evidence, the ALJ did not err in finding his opinion only partially persuasive.

11

**2. The ALJ's Analysis of Plaintiff's Subjective Statements of Pain**

Plaintiff's final argument is that the ALJ failed to adequately consider Plaintiff's subjective complaints regarding the intensity and persistence of his symptoms. (Doc. No. 9, at 14–15). He notes that the SSA will not reject an applicant's subjective complaints about the intensity or persistence of pain solely because the objective medical evidence doesn't substantiate those statements. *See* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c). He claims the ALJ's opinion improperly discredited his subjective complaints because there are no genuine inconsistencies between his description of symptoms and the evidence in the record. (Doc. No. 9, at 11–13).

Once the ALJ finds a medically determinable impairment could reasonably be expected to produce the applicant's alleged symptoms, the ALJ must assess the intensity and persistence of the alleged symptoms, such as pain, to determine the extent to which they limit the applicant's capacity to work. 20 C.F.R. § 404.1529(b), (c). In evaluating the intensity and persistence of symptoms, the ALJ considers all the available medical and nonmedical evidence, including the applicant's own statements about their symptoms and the extent to which those statements conflict with the objective medical evidence and other evidence. *Id.* § (c)(4). The factors relevant to the evaluation of symptoms include: (1) the applicant's daily activities; (2) the location, duration, frequency, and intensity of the applicant's symptoms; (3) precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication the application takes to alleviate symptoms; (4) treatment, other than medication, received to relieve the symptoms; (5) any other measures the applicant takes to relieve symptoms; and (6) other factors affecting the applicant's functional limitations and restrictions. *Id.* § (c)(3).

Here, the ALJ clearly considered Plaintiff's subjective complaints. The ALJ opinion cites the appropriate standard for assessing the intensity, persistence, and limiting effects of a physical

12

or mental impairment and summarizes Plaintiff's descriptions of his physical and psychological symptoms. (Doc. No. 5-3, at 37–38). The ALJ then determined that Plaintiff's alleged symptoms were "not entirely consistent" with the evidence in the record and proceeded to discuss, in detail, the medical evidence that contradicts Plaintiff's description of symptoms (including the evidence discussed above). *See id.* at 38–40.

Plaintiff's main complaint seems to be that because the ALJ found that Plaintiff's physical impairments could reasonably be expected to cause limitations in lifting, reaching, and standing, as Plaintiff alleged, it was improper for the ALJ to discredit Plaintiff's subjective statements of pain. *See* Doc. No. 15, at 5–6. But that is exactly the type of credibility determination an ALJ is entitled to make when there are discrepancies between the applicant's subjective statements and the objective medical evidence. *See Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991) ("How much pain is disabling is a question for the ALJ since the ALJ has primary responsibility for resolving conflicts in the evidence."); *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (upholding ALJ's determination that SSA applicant's subjective complaints of chest pain were not entirely credible given a lack of ongoing cardiac problems). The court may not reweigh the evidence or substitute its judgement for the Commissioner's. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Regardless, as previously discussed, the ALJ did partially credit Plaintiff's subjective description of symptoms, along with the medical opinion of Dr. Willits, in limiting Plaintiff's RFC determination to a light level of exertion, even when there was medical evidence to the contrary. (Doc. No. 5-3, at 37).

For the reasons discussed herein, the ALJ's RFC assessment is supported by substantial evidence and the ALJ did not err in weighing the medical opinions and Plaintiff's subjective complaints.

## CONCLUSION

For all the foregoing reasons, the court **RECOMMENDS** that the ALJ's decision be **AFFIRMED** and that this action be **DISMISSED WITH PREJUDICE**.

Within **14 days** after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in this Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the District Judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected–to factual findings and legal conclusions accepted and adopted by the District Court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 16th day of October, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE