UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00064

**Gary Lee Goodman,**
*Plaintiff,*

v.

**Commissioner, Social Security Administration,**
*Defendant.*

# ORDER

  Plaintiff Gary Lee Goodman Sr. filed the above-styled action pursuant to the Social Security Act, 42 U.S.C. §§ 1383(c)(3), 405(g), requesting judicial review of the Administrative Law Judge's (ALJ) denial of his application for social security benefits and supplemental security income benefits. Doc. 1. The case was referred to United States Magistrate Judge John D. Love. Thereafter, plaintiff submitted briefing on the above issues and requested that the court remand the case to the Social Security Administration (SSA) for further consideration. Doc. 9. The SSA Commissioner filed a response requesting that the court affirm the ALJ's decision to deny benefits. Doc. 14. On October 16, 2023, the magistrate judge issued a report recommending that the ALJ's decision be affirmed, and that plaintiff's case be dismissed with prejudice. Doc. 16. Plaintiff filed objections to the report and recommendation. Doc. 17.

  Plaintiff raises three objections to the report and recommendation. *Id.* In his first two objections, plaintiff claims that the ALJ's residual functional capacity (RFC) determination was flawed because the ALJ improperly rejected the medical opinions of Dr. Richard A. Hardaway, the mental health examiner, and Dr. V. Leroy Willits, the physical health examiner, without adequately explaining his reasoning for doing so. *Id.* at 2–3. In his third objection, plaintiff claims that the ALJ improperly rejected plaintiff's subjective complaints about the intensity and persistence of his symptoms. *Id.* at 3–4.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). The court reviews all unobjected-to portions of the report and recommendation only for clear error or abuse of discretion. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

**1. Dr. V. Leroy Willits, the Physical Examiner**

In his first objection, plaintiff claims that the ALJ improperly rejected the opinion of Dr. V. Leroy Willits, the physical health examiner, without adequately addressing the two main factors that an ALJ must address when considering medical opinions: (1) supportability,[1] and (2) consistency.[2] Doc. 17 at 2.

Dr. Willits found that plaintiff could "sit, stand[,] and move about," and "[h]is ability to lift and carry is impaired due to the shoulder issue on the left," but otherwise, "[h]e is able to handle objects effectively." Doc. 5-10 at 46. However, both the ALJ and magistrate judge note that Dr. Willits's opinion is not fully supported by his own objective findings or consistent with the other recorded evidence. Doc. 5-3 at 40; Doc. 16 at 10.

For instance, despite his opinion that plaintiff's ability to lift and carry is impaired, Dr. Willits's own report also states that plaintiff's "[g]rip strength and ability to reach, handle, finger[,] and feel are unimpaired." Doc. 5-10 at 46. Further, the medical examinations conducted by other SSA medical consultants indicate that plaintiff is not as physically limited as Dr. Willits's opinion suggests. *See* Doc. 5-3 at 40.

Plaintiff does not explain why this reasoning does not sufficiently address the supportability and consistency factors. *See* 20 C.F.R. §

---

[1] "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or his medical opinion(s) . . . , the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1).

[2] "The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2).

404.1520c(c)(1)–(2). And the mere fact that this information is referenced in a different part of the ALJ's opinion does not prevent the court from using it to determine if the ALJ followed the proper legal standards. *See Belk v. Colvin*, 648 Fed. App'x 452, 455 (5th Cir. 2016) (finding support for ALJ's conclusions in other parts of ALJ's opinion).

### 2. Dr. Richard A. Hardaway, the Mental Health Examiner

In his second objection, plaintiff claims that the ALJ improperly rejected the opinion of Dr. Richard A. Hardaway, the mental health examiner, without adequately addressing the opinion's supportability. Doc. 17 at 1.

Dr. Hardaway claimed that plaintiff was unable to concentrate and socialize in a normal work environment due to severe depression and anxiety. Doc. 5-9 at 97. However, as the ALJ and magistrate judge point out, Dr. Hardaway's examination of plaintiff "revealed few objective deficits" that support his opinion. Doc. 16 at 9.

For instance, Dr. Hardaway's exam notes show that plaintiff's memory and judgment appeared average or low-average, his concentration appeared adequate, he presented in an organized manner, he was able to maintain eye contact and easily established rapport, and he spoke in full, grammatically correct sentences. Doc. 5-3 at 39; Doc. 5-9 at 95–96. Plaintiff does not explain why this reasoning does not sufficiently address the supportability factor. *See* 20 C.F.R. § 404.1520c(c)(1). As such, this objection is without merit.

### 3. Plaintiff's Subjective Complaints of Pain

In his third objection, plaintiff claims that the ALJ improperly rejected plaintiff's subjective complaints regarding the intensity and persistence of his symptoms "without actually pointing to inconsistencies between [p]laintiff's statements and the other evidence." Doc. 17 at 4. However, as the magistrate judge's report points out, the ALJ opinion cites the appropriate legal standard, summarizes plaintiff's subjective statements of his symptoms, and then proceeds

to discuss the objective medical evidence that conflicts with plaintiff's subjective statements. Doc. 5-3 at 37–40.

Regardless, as the magistrate judge explained, the ALJ did not completely discredit plaintiff's subjective statements. Rather, he found that the statements were "not *entirely* consistent" with the other evidence and limited plaintiff's RFC determination accordingly. *Id.* at 37 (emphasis added).

Plaintiff re-urges that the ALJ failed to properly consider plaintiff's subjective statements of pain, but he does not explain why the above analysis is insufficient.

Accordingly, plaintiff's objections are without merit, and the report and recommendation (Doc. 16) is accepted. The decision of the Commissioner is affirmed, and this cause of action is dismissed with prejudice.

*So ordered by the court on December 19, 2023.*

J. CAMPBELL BARKER
United States District Judge